**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **BRENDA PARKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 25-cv-01045 (APM)** |
| ) | |
| **A.D. RACHEL PIERRE,** ) | |
| *Interim Director of the District of Columbia* ) | |
| *Department of Human Services,*[1] ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

<u>**MEMORANDUM OPINION**</u>

This case arises from the alleged wrongful administration of Plaintiff Brenda Parker's benefits under the Supplemental Nutrition Assistance Program ("SNAP"). Between November 2023 and January 2024, Plaintiff filed two appeals challenging the D.C. Department of Human Services' ("DHS") determination of certain of Plaintiff's SNAP benefits for 2023 and 2024, a notice requiring Plaintiff to submit recertification documentation in early 2024, and a one-time payment to Plaintiff under a different program. Defs.' Mot. to Dismiss and for Partial Summ. J., ECF No. 16 [hereinafter Defs.' Mot.], Ex. 2, ECF No. 16-13 [hereinafter ALJ Order], at 1–2. Following an evidentiary hearing, the Administrative Law Judge ("ALJ") ruled in DHS's favor on all claims and found that Plaintiff had been *overpaid* in SNAP benefits after accounting for her retirement income. *Id.* at 7–11. Afterward, Plaintiff received SNAP benefits in the corrected amount for several months, until she failed to submit income verification in August 2024. Defs.'

---

[1] The court substitutes the current Interim Director, A.D. Rachel Pierre, for former Director Laura Zeilinger. *See* Fed. R. Civ. P. 25(d).

Mot., Defs.' Stmt. of Material Facts Not in Dispute, ECF No. 16-2 [hereinafter Defs.' Stmt.], ¶¶ 27–31.  Plaintiff did so in September 2024 but had not received any additional benefits as of April 2025 when she filed this lawsuit.  *Id.* ¶¶ 32, 34; *see generally* Compl.  DHS thereafter reviewed Plaintiff's documentation, reinstated her SNAP benefits, and provided retroactive benefits for the months between termination and case review.  Defs.' Mot., Decl. of Nakia Taylor, ECF No. 16-5 [hereinafter Taylor Decl.], ¶¶ 5, 7, 15.  Plaintiff now raises a host of claims concerning DHS's handling of her SNAP benefits, although their precise contours are difficult to discern. *See generally* Compl.; Am. Compl, ECF No. 9.

Defendants are Interim DHS Director A.D. Rachel Pierre and Mayor Muriel Bowser, sued in their official capacities.  They now move for summary judgment on most of Plaintiff's claims and to dismiss the remaining ones.  *See* Defs.' Mot.  The court advised Plaintiff to timely respond and that failure to do so could result in dismissal.  *See* Order, ECF No. 17.  Plaintiff responded with a one-page affidavit without any evidence or argument; it stated only that she preserves her rights to "disclosure and discovery."  *See* Pl.'s Aff., ECF No. 20 [hereinafter Aff.].  In later reviewing the filings related to Defendants' motion, the court realized its earlier notice had not adequately advised Plaintiff of Federal Rule of Civil Procedure 56's requirements.  *See* Order, ECF No. 41.  It accordingly did so at that time and provided Plaintiff with additional time to respond.  *See id.*  Among the rule's requirements, the court specifically advised Plaintiff that "any factual assertion in the [Defendants'] affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."  *Id.* at 2 (alterations in original) (quoting *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)).  Despite submitting other filings after receiving the court's notice, Plaintiff did not file anything further with respect to Defendants' motion.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although a motion for summary judgement may not be granted as conceded for want of opposition, a court may "consider [a] fact undisputed" if it is not contested by opposing evidence. *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507–08 (D.C. Cir. 2016) (alteration in original) (quoting Fed. R. Civ. P. 56(e)(2)).

Plaintiff did not contest any of the facts Defendants put forward, *see* Aff., so the court will treat them as undisputed. On these facts, Defendants are entitled to judgment as a matter of law. Plaintiff provides neither the legal authority nor the factual basis for the court to reconsider any claims decided by the ALJ. And an uncontradicted declaration from an agency official establishes that DHS has properly calculated her benefits since then. *See* Taylor Decl. ¶¶ 6–7. For several other claims, Plaintiff either has not stated a cognizable injury and thus lacks standing, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 563 (1992), or has not demonstrated a continuing injury and her claims are accordingly moot, *see Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023). For instance, contrary to Plaintiff's allegations, there is no evidence that Defendants removed any money from Plaintiff's account in September 2023. Taylor Decl. ¶ 12. And Plaintiff does not continue to suffer injury from any late payment, termination of benefits, or related events, as Plaintiff later received all the benefits to which she was entitled and has not sufficiently alleged that these events injured her otherwise. *See* Defs.' Stmt. ¶¶ 11–12, 36, 39. Finally, none of Plaintiff's policy-and-practice, fraudulent misrepresentation, or retaliation claims are supported by factual allegations adequate to state a plausible claim to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To the extent Plaintiff meant her affidavit as a request for discovery, she has not carried her burden. Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may," among other options, "allow time . . . to take discovery." The nonmovant must "state with sufficient particularity why additional discovery is necessary" and must (1) "outline the particular facts he intends to discover and describe why those facts are necessary to the litigation," (2) "explain why he could not produce the facts in opposition to the motion for summary judgment," and (3) "show the information is in fact discoverable." *Convertino v. U.S. Dep't of Just.*, 684 F.3d 93, 99–100 (D.C. Cir. 2012) (cleaned up). Plaintiff's affidavit, which states nothing more than that she preserves her right to disclosure and discovery, meets none of these criteria. The court thus need not permit additional discovery before granting Defendants' motion.

For the foregoing reasons, Defendant's Motion to Dismiss and for Partial Summary Judgment, ECF No. 16, is granted. A final, appealable order accompanies this Memorandum Opinion.

Dated: July 24, 2026

_____
Amit P. Mehta
United States District Judge

4